UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHARON D. WILLIAMS,

          Plaintiff,

v.

TAYCHEEDAH CORRECTIONAL INSTITUTION and J. SWIERCZ,

          Defendants.

Case No. 25-CV-1111-JPS

**ORDER**

    Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint on July 30, 2025, along with an incomplete motion to proceed without prepayment of the filing fee. ECF Nos. 1, 2. On the same day, the Clerk of Court sent Plaintiff a letter requesting payment of the full $405.00 filing fee or alternatively that a completed petition to proceed without prepayment of the full filing fee and six-month certified trust account statement be filed within twenty-one days. ECF No. 3. On August 27, 2025, the Court ordered Plaintiff to file a complete motion for leave to proceed without prepayment of the filing fee along with a six-month certified trust account statement or alternative to pay the full filing fee. ECF No. 5. On September 10, 2025, Plaintiff filed a motion for an extension of time and for an order to pay the filing fee from her release account. ECF No. 6.

    The Court will grant in part and deny in part Plaintiff's motion to use release account funds to pay the filing fee. The Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"). *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation

Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into her release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [her] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on [her] funds prevent [her] from prosecuting [a] case with the full vigor [s]he wishes to prosecute it, [s]he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

While the Court will not permit Plaintiff to access her release account for the entirety of her filing fee, or other litigation costs, it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. The Court will also grant Plaintiff's motion for an extension of time to submit the required documents to proceed. Plaintiff must either re-

file a completed motion for leave to proceed without prepayment of the filing fee along with a complete trust account statement or alternatively pay the $405.00 filing fee in full on or before **October 7, 2025** or this case may be dismissed, without prejudice and without further notice, for Plaintiff's failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use release account funds to pay the full filing fee, ECF No. 6, be and the same is hereby **GRANTED in part and DENIED in part**; Plaintiff may use her release account funds only to pay the initial partial filing fee;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time, ECF No, 6, be and the same is hereby **GRANTED**; Plaintiff must either re-file a motion for leave to proceed without prepayment of the filing fee along with a complete trust account statement or alternatively pay the $405.00 filing fee in full on or before **October 7, 2025**; the failure to do so may result in the dismissal of this case, without prejudice, for Plaintiff's failure to prosecute; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the institution where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 16th day of September 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge